

IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

CERTIFIED COPY
I certify that the foregoing document is a full, true and complete copy of the original on file in my office and of which I am legal custodian.
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
25-Feb-2015 By _____
Deputy

| | |
|---|---|
| Judge or Division:<br>W BRENT POWELL | Case Number: 1416-CV29127 |
| Plaintiff/Petitioner:<br>MARLON GRANGER | Plaintiff's/Petitioner's Attorney/Address<br>BRENT ALAN SUMNER<br>911 WASHINGTON AVENUE<br>SUITE 400<br>SAINT LOUIS, MO 63101 |
| vs. | |
| Defendant/Respondent:<br>RENT-A-CENTER, INC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: KELLI STANGLE
Alias:

3807 MAIN STREET
KANSAS CITY, MO 64111

### PRIVATE PROCESS SERVER

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

27-JAN-2015
Date

_____
Clerk

Further Information

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT**

**A**

_____

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

**CERTIFIED COPY**
I certify that the foregoing document is a full, true and complete copy of the original on file in my office and of which I am legal custodian.
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
25-Feb-2015 by
Deputy

| | |
|---|---|
| Judge or Division:<br>W BRENT POWELL | Case Number: **1416-CV29127** |
| Plaintiff/Petitioner:<br>MARLON GRANGER | Plaintiff's/Petitioner's Attorney/Address<br>BRENT ALAN SUMNER<br>911 WASHINGTON AVENUE<br>SUITE 400<br>SAINT LOUIS, MO 63101 |
| vs. | |
| Defendant/Respondent:<br>RENT-A-CENTER, INC | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: RENT-A-CENTER, INC
Alias:

**120 S. CENTRAL AVENUE**
**SUITE 400**
**CLAYTON, MO 63105**

*COURT SEAL OF*

*JACKSON COUNTY*

# PRIVATE PROCESS SERVER

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>27-JAN-2015</u>
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $  10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

Electronically Filed - Jackson - Kansas City - January 23, 2015 - 11:12 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
☒ **AT KANSAS CITY**   ☐ **AT INDEPENDENCE**

MARLON GRANGER,

      PLAINTIFF,

VS.                                   CASE NO. 1416-CV29127

RENT-A-CENTER, INC.,

      And

KELLI STANGLE,

      DEFENDANTS.

CERTIFIED COPY
I certify that the foregoing document is a full, true and complete copy of the original on file in my office and of which I am legal custodian.
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
25-Feb-2015 by _____ Deputy

**MOTION FOR APPROVAL AND APPOINTMENT**
**OF PRIVATE PROCESS SERVER**

COMES NOW Petitioner/Plaintiff in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Petitioner/ Plaintiff requests that the following individual be approved and appointed to serve process in this case:

Legal Name     *Mark Reeder*

Registration No. (if applicable)     *PPS 150106*

The Petitioner/Plaintiff states that:

☐ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

          Petitioner/ Plaintiff's Signature

## <u>ORDER</u>

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

27-Jan-2015
**DATE**

_Patricia A. McIntosh_

DEPUTY CLERK ADMINISTRATOR

Electronically Filed - Jackson - Kansas City - January 23, 2015 - 11:12 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### ☒ AT KANSAS CITY  ☐ AT INDEPENDENCE

MARLON GRANGER,

       PLAINTIFF,

VS.                                                    CASE NO.  1416-CV29127

RENT-A-CENTER, INC.,

      And

KELLI STANGLE,

       DEFENDANTS.

CERTIFIED COPY
I certify that the foregoing document is a full,
true and complete copy of the original on file
in my office and of which I am legal custodian.
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
25-Feb-2015 by _____
Deputy

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Petitioner/Plaintiff in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Petitioner/ Plaintiff requests that the following individual be approved and appointed to serve process in this case:

Legal Name      _Mark Reeder_

Registration No. (if applicable) _PPS 150106_

The Petitioner/Plaintiff states that:

☐     The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒     The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐     The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

    Petitioner/ Plaintiff's Signature

## <u>ORDER</u>

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____          _____
DATE                                                                      JUDGE

Electronically Filed - Jackson - Kansas City - January 23, 2015 - 11:12 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT **KANSAS CITY**, MISSOURI

CERTIFIED COPY
I certify that the foregoing document is a full, true and complete copy of the original on file in my office and of which I am legal custodian.
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
25-Feb-2015 By _____
Deputy

MARLON GRANGER,                )
                               )
            Plaintiff,         )
                               )    Case No: 1416-CV29127
vs.                            )    Division 11
                               )
RENT-A-CENTER, INC,            )
                               )
            Defendant(s).      )

## JUDGMENT OF DISMISSAL  WITHOUT PREJUDICE PURSUANT
## TO 16TH CIRCUIT RULE  37.4.1

UPON FULL CONSIDERATION, and being fully advised in the premises, the Court, on its own motion, dismisses the above-captioned case for failure to prosecute pursuant to 16th Circuit Rule 37.4.1.

WHEREFORE, IT IS ORDERED, that this case is dismissed in its entirety without prejudice, at Plaintiff's cost.

_____JANUARY 22, 2015_____          _____
            DATE                          JUDGE W BRENT POWELL
                                              Division 11

Certificate of Service
This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following on 22nd day of January, 2015.

BRENT ALAN SUMNER, 911 WASHINGTON AVENUE, SUITE 400, SAINT LOUIS, MO 63101

WILLIAM DIRK VANDEVER, THE POPHAM LAW FIRM PC, 712 BROADWAY SUITE 100, KANSAS CITY, MO 64105

MARK PAUL SCHLOEGEL, 712 BROADWAY  STE 100, KANSAS CITY, MO 64105

_____
Judicial Administrative Assistant/Law Clerk

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY   ☐ AT INDEPENDENCE

RE:   **MARLON GRANGER V RENT-A-CENTER, INC ET AL**
CASE NO:   **1416-CV29127**

**CERTIFIED COPY**
I certify that the foregoing document is a full, true and complete copy of the original on file in my office and of which I am legal custodian.
Jeffery A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
25-Feb-2015 by _____
Deputy

TO:   **BRENT ALAN SUMNER**
      **911 WASHINGTON AVENUE, SUITE 400**
      **SAINT LOUIS, MO 63101**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>DECEMBER 17, 2014</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☒ *Additional service instructions are needed.*
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:** To further process your case for service through Private Process Server please submit a Motion & Order listing the servers 2014 PPS#.
☒ **Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.**
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

<u>**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**</u>

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed DECEMBER 19, 2014 to:
      COURT ADMINISTRATOR'S OFFICE
      **DEPARTMENT OF CIVIL RECORDS**
      CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| <u>DECEMBER 19, 2014</u> | By _____ |
| Date | Patricia McIntosh 816-881-3906 |
| | Deputy Court Administrator |

☒ **415 East 12th St., Kansas City, Missouri 64106**
☐ 308 W. Kansas, Independence, Missouri 64050

CERTIFIED COPY
I certify that the foregoing document is a full
true and complete copy of the original on file
in my office and of which I am legal custodian
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
25-Feb-2015 By _____ Deputy

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

MARLON GRANGER,

                    **PLAINTIFF(S),**          **CASE NO. 1416-CV29127**

VS.                                     **DIVISION 11**

    RENT-A-CENTER, INC ET AL

               **DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION**

---

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **W BRENT POWELL** on **06-APR-2015** in **DIVISION 11** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference shall only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

    a.     A trial setting;

    b.     Expert Witness Disclosure Cutoff Date;

    c.     A schedule for the orderly preparation of the case for trial;

    d.     Any issues which require input or action by the Court;

    e.     The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.


### /S/ W BRENT POWELL
W BRENT POWELL, **Circuit Judge**


### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
BRENT ALAN SUMNER, 911 WASHINGTON AVENUE, SUITE 400, SAINT LOUIS, MO 63101

WILLIAM DIRK VANDEVER, THE POPHAM LAW FIRM PC, 712 BROADWAY SUITE 100, KANSAS CITY, MO 64105

MARK PAUL SCHLOEGEL, 712 BROADWAY STE 100, KANSAS CITY, MO 64105

Defendant(s):
 RENT-A-CENTER, INC
KELLI STANGLE

Dated: 19-DEC-2014

**Jeffrey A. Eisenbeis**
Court Administrator

Case 4:15-cv-00264-DGK　Document 1-2　Filed 04/09/15　Page 13 of 28

Electronically Filed - Jackson - Kansas City - December 17, 2014 - 03:12 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

CERTIFIED COPY
I certify that the foregoing document is a full,
true and complete copy of the original on file
in my office and of which I am legal custodian.
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
25-Feb-2015 by _____
Deputy

| | | |
|---|---|---|
| MARLON GRANGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: |
| vs. | ) | |
| | ) | Div. |
| RENT-A-CENTER, INC., | ) | |
| Serve at: 120 S. Central Avenue, Ste.400 | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KELLI STANGLE | ) | |
| Serve at: 3807 Main Street | ) | |
| Kansas City, MO 64111 | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |
| (Return For Service by Special Process | ) | |
| Server) | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Marlon Granger (hereinafter referred to as "Plaintiff") by and through his attorneys of record, and for his Petition and cause of action against Defendants Rent-A-Center, Inc., (hereinafter referred to as "Defendant R-A-C") and Kelli Stangle (hereinafter referred to as "Defendant Stangle") (collectively referred to as "Defendants") and states to this Honorable Court as follows:

## NATURE OF PETITION

1.     Plaintiff brings this lawsuit in order to hold Defendants responsible for the death of his father, Mr. Kenneth Johnson, who died as a result of injuries he sustained on August 25, 2012 as caused or contributed to be caused by defendants.

2.       Plaintiff is the son of the decedent and is entitled to bring this suit pursuant to § 537.080(1) of the Revised Statutes of Missouri, which allows for the children of a deceased person to bring suit against a responsible party for the personal injuries caused to the decedent.

## JURISDICTION AND VENUE

3.       Venue is proper with this Court pursuant to RSMo. § 508.010 since the negligent events giving rise to the cause of action against the Defendants occurred in Jackson County, Missouri and, thus, venue is appropriate in the Circuit Court of Jackson County.

4.       This Court has subject matter jurisdiction over this action since the incident alleged herein occurred in Jackson County, State of Missouri.

## FACTS COMMON TO ALL COUNTS

5.       At all times herein mentioned decedent Kenneth Johnson, was a lifelong resident of Jackson County, Missouri.

6.       Defendant R-A-C was a duly incorporated and existing Missouri Corporation, which at all times herein mentioned owned, operated, maintained, staffed, and supervised a facility in Jackson County, State of Missouri at 3807 Main Street, Kansas City, Missouri 64111.  At all times herein mentioned Defendant R-A-C also transacted business and had a substantial presence within Jackson County, Missouri. Defendant R-A-C can be served through its registered agent CT Corporation System.

7.       Defendant Kelli Stangle is the store manager and the person in charge of hiring and supervising employees at the Rent-A-Center located at 3807 Main Street,

Electronically Filed - Jackson - Kansas City - December 17, 2014 - 03:12 PM

Kansas City, Missouri 64111, which at all times herein mentioned was the Store responsible for the negligence alleged herein.

8.  At all times herein mentioned, Defendant R-A-C acted by and through its agents, servants, and employees, who at all times herein mentioned acted within the course and scope thereof.

9.  At all times herein mentioned, Kenneth Johnson was a customer of Defendant R-A-C and had been for a significant period of time.

10. At all times herein mentioned, defendants maintained a relationship with Kenneth Johnson for merchandise that he rented that included "delivery, set up and service at no extra charge" in his home.

11. As part of the relationship, defendants sent employees into the home of Kenneth Johnson.

12. Defendants had a duty to adequately screen such employees before, to monitor such employees while employed to ensure the safety of its customers in their homes.

13. At all times herein mentioned, Defendants had a business relationship and/or "special relationship" with Kenneth Johnson and regularly sent its employees to Kenneth Johnson's home with express authority to be present and conduct business on behalf of Defendant R-A-C.

14. Defendant Stangle is, and at all times herein mentioned was, the manager in charge of the R-A-C Store that is the subject of this lawsuit. Furthermore, Defendant Stangle is the manager in charge of hiring, supervising, and firing employees of Defendant R-A-C at that Store.

15.     Defendant Stangle is also the agent and employee of Defendant R-A-C that hired Eric L. Patton.

16.     Furthermore, Defendants, and their agents, on multiple occasions, visited Kenneth Johnson at his home in Jackson County to check on him and see if R-A-C could provide any additional services.

17.     Defendants, and their agents, would also regularly call Kenneth Johnson at his home to socialize over the phone and further create a special relationship of trust between Kenneth Johnson and Defendants.

18.     Based upon the foregoing, Kenneth Johnson entrusted himself to the protection of Defendants from any harm from any employees or former employees of Defendants.

19.     Kenneth Johnson reasonably relied upon Defendants to not send predators into his home and to warn him of any potential threats from employees or former employees because Defendants were in the best position to stop any potential threats and harm to Kenneth Johnson from its employees or former employees.

20.     Eric L. Patton was an employee and agent of Defendant R-A-C and was primarily hired to deliver and service merchandise inside of customers' homes, including Kenneth Johnson.

21.     Eric L. Patton was hired by Defendants despite the fact that he had a criminal record.

22.     Based upon information and belief, Eric L. Patton's driver's license was suspended and/or revoked at the time he was hired by R-A-C and remained suspended and/or revoked throughout his employment.

23.     Defendants did not thoroughly investigate Eric L. Patton's driving record or criminal record prior to hiring him.

24.     Defendants did not perform a criminal "background check" on Eric L. Patton prior to hiring him as an employee.

25.     Defendants did not give Eric L. Patton a drug test prior to hiring him or during the course of his employment.

26.     Defendants did not check Eric L. Patton's references or work history prior to hiring him.

27.     Defendants did not exercise reasonable care in the hiring of Eric L. Patton as an employee.

28.     Defendants did not exercise reasonable care in the retention of Eric L. Patton.

29.     Defendants failed to continuously monitor its employees, including Eric L. Patton, that were sent into Kenneth Johnson's home.

30.     Employee Eric L. Patton regularly used illegal drugs while employed by Defendants, including while on the job.

31.     Defendant Stangle along with other co-employees, noticed signs that Eric L. Patton was 'high' on illegal drugs while at work and failed to take the appropriate actions.

32.     Defendants were also aware of employee Eric L. Patton's money troubles while he worked for Defendants but failed to take any precautions in order to safe guard their customers.

33.     Defendants were also aware that Eric L. Patton struggled with depression and was currently being treated by a psychiatrist for depression.

34.     While working for Defendants, employee Eric L. Patton discussed his financial troubles with his co-employees and Defendant Stangle.  In support thereof, on May 18, 2012, a garnishment action for employee Eric L. Patton's wages was served on Defendant R-A-C in cause number 0516-CV17396 – *Park Meadows LTD. v. Eric L. Patton.*

35.     Eric L. Patton also discussed his depression and treatment with Defendant Stangle and his co-employees and they were all aware that Mr. Patton was unstable.

36.     Defendants failed to have the proper procedures in place to continuously supervise its employees, including Eric L. Patton, in order to maintain the safety of its customers from in-home thefts, rapes, burglaries and attacks.

37.     During Eric L. Patton's employment with Defendants, customers made complaints to Defendants of merchandise missing from their homes.

38.     Defendants investigated Eric L. Patton for the missing merchandise and complaints made by its customers.

39.     Based upon information and belief, Eric L. Patton was also stealing from Defendant R-A-C.

40.     Defendants were aware that Eric L. Patton was stealing from them and attempted a "sting" operation to catch him in the act.

41.     Despite all of the above, Defendants continued to employ Eric L. Patton and continued to send him into customers' homes.

Electronically Filed - Jackson - Kansas City - December 17, 2014 - 03:12 PM

42.     On multiple occasions, Eric L. Patton, acting on behalf of Defendant R-A-C and with their authority, went inside Kenneth Johnson's home to service the merchandise Kenneth Johnson was renting from Defendant R-A-C.

43.     Kenneth Johnson allowed Eric L. Patton and other employees of Defendant R-A-C to enter his home on multiple occasions because they were operating under the authority of Defendant R-A-C.

44.     Defendant R-A-C knowingly permitted its employees, including Eric L. Patton, to enter into the homes of its customers and exercise authority on behalf of Defendant R-A-C.

45.     Defendant R-A-C directly authorized Eric L. Patton as its agent, granted him authority to enter Kenneth Johnson's home on Defendant R-A-C's behalf, and authorized employee Patton to carry out a course of acts with Kenneth Johnson, which gave the appearance that employee Patton was authorized to carry out subsequent acts with Kenneth Johnson.

46.     Kenneth Johnson relied upon said authority given by Defendant R-A-C when he allowed Eric L. Patton to enter his home on August 25, 2012.

47.     Kenneth Johnson had reason to believe Eric L. Patton was at his home on August 25, 2012 as an employee of Defendant R-A-C because Patton was wearing his uniform, had been to Kenneth Johnson's house previously on behalf of Defendant R-A-C and was scheduled to return to Kenneth Johnson's house.

48.     Defendant R-A-C had previously authorized Eric L. Patton's course of actions inside Kenneth Johnson's home, which led Kenneth Johnson to believe Patton was authorized to return on August 25, 2012 to carry out subsequent acts.

49.     On August 25, 2012 Eric L. Patton entered Kenneth Johnson's home as an employee of Defendant R-A-C or posing as an employee of Defendant R-A-C and robbed Kenneth Johnson of his belongings and physically attacked him.

50.     As a result of Defendants' actions and inactions Kenneth Johnson was seriously injured.

51.     As a direct and proximate result of Defendants' negligence, Mr. Johonson suffered injuries that eventually lead to his death on May 27, 2014.

## COUNT I

COMES NOW Plaintiff, by and through his counsel and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the Facts Common to All Counts as if they were set forth herein at length and further states:

52.     Defendants sent agents and employees into Kenneth Johnson's home.

53.     The nature of Defendant R-A-C's business is such that its agents and employees are regularly expected to enter the homes of its customers to carry out Defendant R-A-C's business.

54.     Defendant R-A-C's place of business includes its customers' homes.

55.     The nature of Defendant R-A-C's business imposes a duty upon Defendants to fully and completely screen their employees before they are hired to ensure the safety and welfare of Defendant R-A-C's customers.

56.     The nature of Defendant R-A-C's business imposes a duty upon Defendants to fully and completely monitor and supervise the conduct of their employees during their employment to ensure the safety and welfare of Defendant R-A-C's customers.

Electronically Filed - Jackson - Kansas City - December 17, 2014 - 03:12 PM

57.     The nature of Defendant R-A-C's business imposes a duty upon Defendants to fully and completely terminate a troublesome and/or dangerous employee immediately, to reasonably notify all customers that have come into contact with said employee of his termination in order to prevent re-enter into the home, and to require all terminated employees to turn over their uniform and identification badges upon termination.

58.     At all times herein mentioned, Defendants undertook a duty to provide "services" in the homes of its customers, including Kenneth Johnson, by and through its agents and employees, which implied that the agents and employees sent into customers' homes by Defendants were safe and worthy of gaining access into their homes.

59.     Defendants assumed a duty to protect Kenneth Johnson when Defendant, and its agents, acting on behalf of Defendant R-A-C, made multiple trips to Kenneth Johnson's home to check on his safety and well-being prior to Kenneth Johnson being attacked.

60.     At all times herein mentioned, Defendants owed a duty to exercise ordinary care to protect Kenneth Johnson and others similarly situated from dangerous employees.

61.     Defendants and their agents, servants, and employees, acting by and on behalf of Defendant R-A-C, negligently breached their duty to Kenneth Johnson through the following acts or omissions:

      a.  Failing to take subsequent remedial measures after a similar incident was reported the first time;

b. Failing to provide adequate practices to thoroughly screen and inquire into prospective employee's past employment history and prior criminal record before they are hired;

c. Failing to provide adequate practices and personnel to monitor and control suspicious or dangerous employees working for Defendants that were sent to Kenneth Johnson's home;

d. Failing to provide adequate practices and personnel to monitor and supervise employees working for Defendants that were sent into customers' home, including Kenneth Johnson;

e. Failing to provide adequate security practices and personnel to protect Kenneth Johnson and others from suspicious and/or dangerous employees;

f. Failing to ensure that security measures in place functioned or operated properly;

g. Failing to continuously monitor and screen the employees sent into Kenneth Johnson's home;

h. Failing to request that Eric L. Patton submit to a drug screen;

i. Failing to terminate Eric L. Patton before this incident occurred and resulted in harm to Kenneth Johnson;

j. Failing to protect Kenneth Johnson from its employee Eric L. Patton;

k. Failing to warn Kenneth Johnson that Eric L. Patton had been terminated;

l. Failing to request that Eric L. Patton return his uniform and all forms of identification upon termination;

m.  Failing to investigate other complaints made against employee Eric L. Patton for stealing;

n.  Failing to continuously monitor and screen Eric L. Patton given his financial troubles, emotional issues, and drug problem;

o.  Failing to terminate Eric L. Patton when he showed signs of drug problems;

p.  Failing to terminate Eric L. Patton when Defendants learned he was emotionally unstable and having money problems given his direct access to customers' homes;

q.  Failing to terminate Eric L. Patton when Defendants believed he was stealing from R-A-C and its customers;

r.  Failing to warn its customers that came into contact with Eric L. Patton that he had been terminated from R-A-C for stealing; and

s.  Failing to warn Kenneth Johnson that Eric L. Patton no longer had authority to act on its behalf.

62.     Defendants' acts of negligence were committed with complete indifference and conscious disregard for the safety of Kenneth Johnson.

63.     Eric L. Patton's actions were foreseeable given that Defendants business is regularly conducted inside its customers' homes and therefore Defendants owed a heightened duty to its customers, including Kenneth Johnson.

64.     As a direct and proximate result of the carelessness and negligence of Defendants, Mr. Johnson suffered serious injuries that eventually led to his death.

65.     As a direct and proximate result of the carelessness and negligence of Defendants, Mr. Johnson was required to undergo extensive medical treatment in order to attempt to save his life.

66.     That as a direct and proximate result of the aforesaid negligence Kenneth Johnson has medical bills in excess of Fifty Thousand Dollars ($50,000.00)

WHEREFORE Plaintiff prays for judgment against Defendants in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as is fair and reasonable to compensate Kenneth Johnson for his injuries along with court cost incurred in this action, all interest allowed under Missouri law, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II
## PUNITIVE DAMAGES AGAINST DEFENDANTS

COMES NOW Plaintiff, by and through his counsel and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the Facts Common to All Counts as if they were set forth herein at length and further states:

67.     That the conduct and operation by Defendants were so reckless and careless as to constitute a reckless disregard for the welfare and safety of the general public and accordingly Kenneth Johnson is entitled to punitive damages against Defendants.

68.     Defendants failed to properly screen its employees before sending them into customers' homes to conduct business on their behalf.

69.     Defendants failed to continuously monitor and supervise their employees during their employment to make sure they are fit to be sent into customers' homes.

70.     Defendants were aware of the problems presented by Eric L. Patton and failed to take the proper precautionary actions that would have avoided the injuries to Kenneth Johnson.

71.     Defendants concealed the fact that Eric L. Patton was being investigated for stealing from other customers and R-A-C and continued to recklessly send him into customers' homes.

72.     Defendants failed to do anything to protect Kenneth Johnson from its employee Eric L. Patton.

73.     This is not the first time an employee of Defendant R-A-C has been accused of stealing from one of R-A-C's customers and Defendants continue to fail to put the proper training and procedures in place to protect its customers and ensure the welfare and safety of the general public.

74.     This is also not the first time an employee of Defendant R-A-C has been accused of physically attacking one of R-A-C's customers and Defendants continue to disregard the need to put in place the proper procedures to ensure the safety and welfare of the general public, its customers.

WHEREFORE, Plaintiff prays judgment against Defendants jointly and severally in an amount in excess of $25,000.00, together with his costs herein expended and for punitive damages in an amount greater than Ten Million Dollars ($10,000,000.00) or such sum sufficient to punish Defendants and deter others of like conduct.

Respectfully submitted,

THE SUMNER LAW GROUP, LLC

By   /s/ Brent Sumner
    Brent A. Sumner, #59460
    911 Washington Avenue, Suite 400
    Saint Louis, Missouri 63101
    Telephone: 314-669-0048
    Fax:       888-259-7550
    brent@sumnerlawgroup.com

    *Attorneys for Plaintiff*


/s/ Mark Schloegel
William Dirk Vandever  #24463
Mark Schloegel  #58870
The Popham Law Firm, P.C.
712 Broadway, Suite 100
Kansas City, Missouri 64105
Phone:  (816)512-2626
Fax:     (816)221-3999
dvandever@pophamlaw.com
mschloegel@pophamlaw.com

ATTORNEY FOR PLAINTIFFS

Electronically Filed - Jackson - Kansas City - December 17, 2014 - 03:12 PM

Report: CZR0026

16TH JUDICIAL CIRCUIT
JACKSON - KANSAS CITY
CIRCUIT COURT DOCKET SHEET

Date: 25-Feb-2015
Time: 2:42:35PM
Page: 1

| 1416-CV29127 | MARLON GRANGER V RENT-A-CENTER, INC ET AL | Security Level: 1 Public |
|---|---|---|

| Case Type: | CC Wrongful Death | Case Filing Date: | 17-Dec-2014 |
|---|---|---|---|
| Status: | Pet Filed in Circuit Ct | | |
| Disposition: | | Disposition Date: | |

| | | Release/Status Change Date | Reason |
|---|---|---|---|
| Judge | W BRENT POWELL (45743) | | |
| Plaintiff | MARLON GRANGER (GRAM*3427) | | |
| Attorney for Plaintiff | BRENT ALAN SUMNER (59460) | | |
| Attorney for Plaintiff | WILLIAM DIRK VANDEVER (24463) | | |
| Attorney for Plaintiff | MARK PAUL SCHLOEGEL (58870) | | |
| Defendant | RENT-A-CENTER, INC (@1658357) | | |
| Defendant | KELLI STANGLE (@1658358) | | |

| Filing Date | Description |
|---|---|
| 27-Jan-2015 | **Order - Special Process Server** |
| | **Summons Issued-Circuit** |
| | Document ID: 15-SMCC-837, for RENT-A-CENTER, INC. |
| | **Summons Issued-Circuit** |
| | Document ID: 15-SMCC-838, for STANGLE, KELLI. |
| 23-Jan-2015 | **Motion Special Process Server** |
| | Motion for Appointment of Spec Process Server; Electronic Filing Certificate of Service. |
| | **Filed By:** BRENT A SUMNER |
| | **On Behalf Of:** MARLON GRANGER |
| 22-Jan-2015 | **Proposed Order Filed** |
| | Judgment of Dismissal Without Prejudice Pursuant to 16th Cir. Rule 37.4 |
| 19-Dec-2014 | **Case Mgmt Conf Scheduled** |
| | **Scheduled For:** 06-Apr-2015; 9:00 AM; W BRENT POWELL; **Setting:** 0; Jackson - Kansas City |
| | PM |
| | **Correspondence Sent** |
| 17-Dec-2014 | **Pet Filed in Circuit Ct** |
| | Petiton. |
| | **On Behalf Of:** MARLON GRANGER |
| | **Filing Info Sheet eFiling** |
| | **Filed By:** BRENT A SUMNER |
| | **Judge Assigned** |

CERTIFIED COPY
I certify that the foregoing document is a full, true
and complete copy of the original on file in my
office and of which I am legal custodian.
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County Missouri
By Deputy