IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARLON GRANGER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CV-0264-DGK |
| RENT-A-CENTER, INC., and KELLI STANGLE, | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO REMAND

This case arises out of the alleged wrongful death of Plaintiff Marlon Granger's grandfather, Kenneth Johnson ("Mr. Johnson"). Mr. Johnson rented several items from Defendant Rent-A-Center ("RAC"). He was killed by a former RAC employee who allegedly gained admittance to his home by posing as a RAC employee. Plaintiff has filed a wrongful death claim against RAC and Kelli Stangle ("Stangle"), an RAC store manager, for negligent hiring and supervision.

Plaintiff filed suit in the Circuit Court of Jackson County, Missouri. Defendants removed to federal court, arguing Missouri's wrongful death statute does not authorize Plaintiff to bring his claim, therefore he is a "sham plaintiff" whose citizenship should be ignored for purposes of determining diversity. Defendants also contend Stangle was fraudulently joined because there is no basis in Missouri law to recognize a negligence claim against individuals for third party criminal acts.

Now before the Court is Plaintiff's Motion to Remand (Doc. 13). Because Defendants have not shown Plaintiff is a sham plaintiff, and Plaintiff and Defendant RAC are both Texas citizens for purposes of determining diversity, the Court holds there is not complete diversity

between the parties. Accordingly, Plaintiff's motion is GRANTED. Plaintiff's request for attorneys' fees is denied. The parties' remaining motions are denied as moot.

**Standard**

An action may be removed by the defendant where the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case back to the state court from which it was removed. *Id.* § 1447(c). To invoke the court's diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. *Id.* § 1332(a). For purposes of determining diversity, a corporation is deemed to be a citizen of both the state by which it has been incorporated and "where it has its principal place of business." *Id.* § 1332(b). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant extinguishes federal jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

When the plaintiff moves for remand after removal, "[t]he defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*

Fraudulent joinder is an exception to the complete diversity rule. *Id.* Fraudulent joinder occurs when a litigant files "a frivolous or illegitimate claim" against a non-diverse party to prevent removal. *Id.* In determining whether there is fraudulent joinder, the court considers whether there is "any reasonable basis in fact or law to support a claim" against the nondiverse party. *Id.*

In making this determination, the district court "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 811 (8th Cir. 2003). "[T]he court has no responsibility to *definitively* settle the ambiguous question of state law." *Id.* "The court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Id.* "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (internal quotation marks omitted). The removing party bears the "substantial" burden of proving the alleged fraud. *Dorsey v. Sekisui Am. Corp.*, 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999).

## Background

There is no dispute that Defendant RAC is a Delaware corporation with its principal place of business in Texas, and that Plaintiff is a citizen of Texas.

The question here concerns Plaintiff's relationship to Mr. Johnson. The Petition alleges that Plaintiff is Mr. Johnson's son. Pet. (Doc. 1-2) at ¶ 2. After Defense counsel questioned whether this was, in fact, the case, Plaintiff's counsel looked into the matter. Decl. (Doc. 1-4) at ¶ 2. On April 6, 2015, Plaintiff's counsel told Defense counsel that Plaintiff was actually Mr. Johnson's *grandson*, that Plaintiff's parent was deceased, and that Mr. Johnson had no other biological children. *Id.* at ¶¶ 3-4. Defense counsel then asked Plaintiff's counsel to provide an affidavit confirming this information. *Id.* at ¶ 2. Plaintiff's counsel did not provide an affidavit, but sent an email stating that Plaintiff's mother, Gwendolyn E. Johnson, was Mr. Johnson's step-

daughter, that this step-daughter died shortly after Plaintiff's birth, and that Mr. Johnson became Plaintiff's legal guardian.  *Id.* at ¶ 8.

Defendants subsequently alleged "upon information and belief" that "Johnson is survived by a daughter."  Notice of Removal (Doc. 1) at ¶ 19.  Defendants argue this fact prohibits Plaintiff from bringing his wrongful death claim under Missouri law, thus Plaintiff is not a real party in interest in this litigation and his citizenship should be ignored for purposes of determining diversity jurisdiction.  Defendants, however, have not placed any evidence in the record which shows that Mr. Johnson is, in fact, survived by a daughter.

Plaintiff asserts Mr. Johnson did not have any biological children, but he adopted his stepchild, Gwendolyn Johnson, who is Plaintiff's mother.  Mot. to Remand (Doc. 13) at 10.  If true, then Plaintiff is a surviving lineal descendant of Mr. Johnson's adopted daughter.  Although Plaintiff has placed a birth certificate in the record which shows he is Gwendolyn Johnson's child, he has not produced any evidence showing Mr. Johnson adopted his mother, or that she was Mr. Johnson's only adopted child.

## Discussion

The question before the Court is a novel one.  The parties agree that Plaintiff is not, as the Petition alleges, Mr. Johnson's son, but the record is silent as to what their exact relationship is.  Neither party has placed evidence in the record proving its claims about whether Mr. Johnson adopted Plaintiff, or whether Mr. Johnson is survived by a daughter.  Defendants argue that because Plaintiff has not proven he is eligible to bring a wrongful death claim under Missouri law, he is a sham plaintiff and his presence does not destroy diversity even though Plaintiff and Defendant RAC are both Texas citizens.

4

Missouri's wrongful death statute provides in relevant part that a wrongful death claim may be brought "[b]y the spouse or children *or the surviving lineal descendants of any deceased children, natural or adopted*, legitimate or illegitimate, or by the father or mother of the deceased, natural or adopted." Mo. Rev. Stat. § 537.080.1(1) (emphasis added).

Although the facts are in dispute here, the law is not: Defendants bear the burden of establishing federal jurisdiction by a preponderance of the evidence, and all doubts are resolved in favor of remand. *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. Given that all doubts are resolved in favor of remand, the Court finds Defendants have not carried their burden of establishing federal jurisdiction by showing Plaintiff is a sham plaintiff. Defendants have not shown that Plaintiff is not Mr. Johnson's adopted son or that Mr. Johnson has a living daughter, facts which if proven would mean Plaintiff cannot bring a wrongful death claim for Mr. Johnson's death.[1] *See* Mo. Rev. Stat. § 537.080(1). Consequently, the Court must consider Plaintiff's citizenship, and since he and RAC are both Texas citizens, there is not complete diversity of citizenship here. Thus, the Court must remand this case back to the Circuit Court of Jackson County, Missouri.

Turning to Plaintiff's request for attorneys' fees,[2] the Supreme Court has instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The objective of this provision is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," not to discourage defendants from seeking removal in all but the most obvious cases. *Id.*

---

[1] The Court understands that to prove Mr. Johnson did not adopt Plaintiff Defendants prove a negative. But Defendants bear the burden of proving their theory of fraudulent joinder. In any event, they could have put submitted evidence that they made a good-faith search for any record of his adoption and could not find any.

[2] The Court construes the request as a request pursuant to 28 U.S.C. § 1447(c).

at 140. Given that there is a still unresolved question of fact concerning whether Plaintiff is eligible to bring a wrongful death claim, Defendants had a weak but not objectively unreasonable claim for removal, therefore an award of attorneys' fees is not appropriate. *Cf. Schoenfeld v. Keiber*, No. 07-4020-CV-C-NKL, 2007 WL 1112621, at *3 (W.D. Mo. 2007) (holding award of attorneys' fees appropriate because there was binding Eighth Circuit authority rejecting defendant's argument for remand).

## Conclusion

For the reasons discussed above, Plaintiff's Motion to Remand (Doc. 13) is GRANTED. Plaintiff's request for attorneys' fees is denied. The parties' remaining motions are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  January 21, 2016                             /s/ Greg Kays
                                                                        GREG KAYS, CHIEF JUDGE
                                                                        UNITED STATES DISTRICT COURT